Clinton E. Duke (9784)
Lyndon R. Bradshaw (15097)
**Durham, Jones & Pinegar**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone:  (801) 532-1922

Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| KING'S CAMO, LC, a Utah limited liability company | **COMPLAINT** |
| Plaintiff, | Case No.   2:16-cv-00277-JNP |
| v. | Judge   Jill N. Parrish |
| ROBERT KING, an individual, MONSTER CAMO LLC, a Utah limited liability company and MONSTER INNOVATIONS, LLC, a Utah limited liability company | |
| Defendants. | **(Demand for Jury)** |

Plaintiff KING'S CAMO, LC ("King's Camo" or "Plaintiff") complains against Defendants, ROBERT KING ("Robert King"), MONSTER CAMO LLC ("MCL") and MONSTER INNOVATIONS, LLC ("MIL") (Robert King, MCL and MIL being referred to herein collectively as "Robert King Group" or "Defendants) and alleges as follows:

### PARTIES

1

1.      King's Camo is a Utah limited liability company with its principal place of business at 816 North 2800 West, Lindon, UT  84042.

2.      Upon information and belief, Defendant Robert King, is an individual and Defendants MCL and MIL are limited liability companies, all having a place of business at 206 East, 300 South, Manti, UT 84642.

## JURISDICTION AND VENUE

3.      Plaintiff realleges and incorporates by reference paragraphs 1 through 2 of this Complaint, as if fully set forth herein.

4.      This is a civil action for trademark infringement, intentional interference with contractual relations, unfair competition, false advertising, and deceptive trade practices.  The federal trademark infringement and federal unfair competition counts arise under the Lanham Act, and in particular, 15 U.S.C. § 1114(1) (trademark infringement) and 15 U.S.C. §1125(a) (unfair competition).  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b), and 15 U.S.C. §§1114 et seq.

5.      This court may assert supplemental jurisdiction pursuant to 28 U.S.C. §1338(b) and §1367(a) over the trade secret count and the deceptive trade practices count both arising under the statutory law of the State of Utah, and the counts for tortious interference with contractual relations, common-law trademark infringement, common-law unfair competition and unjust enrichment, all arising under the common law of the State of Utah.

6.      This Court has jurisdiction over Defendants under Utah Code Ann. §78-27-24.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## FACTUAL BACKGROUND

8.      Plaintiff realleges and incorporate by reference paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

### A. Plaintiff's Business and Its Trademarks

9.      Since February of 2013, Plaintiff has been in the business of producing and selling clothing, including camouflage clothing, and other related items to customers interested in hunting and outdoor activities ("King's Camo Business"), by entering into a written purchase agreement of trademarks, copyrights, customer lists, confidential information, inventory and other assets from Steve Kiesel and his company, King's Shadow Camo, LLC in February 2013 (the "Acquisition").

10.     In connection with the Acquisition, King's Camo acquired all rights to approximately 15 registered trademarks, including the following trademark registrations: DESERT SHADOW, SNOW SHADOW, and MOUNTAIN SHADOW, all with respect to clothing, camouflage clothing (referred to herein as "King's Camo's Infringed Registered Trademarks" or "Plaintiff's Infringed Registered Trademarks") (See **Exhibit A**).

11.     Defendant, Robert King, approached King's Camo in about August 2013 and proposed an asset purchase regarding his business of making and selling wildlife calendars ("Calendars") with the King's Camo Business ("Asset Purchaser"). This Asset Purchase was accomplished through an oral agreement in which King's Camo paid substantial consideration, including a payment to a prior creditor of Robert King in the amount of approximately $51,900 and a payment to Robert King in the amount of $30,000. The customer list for calendars had value

3

because it helped to develop or enhanced goodwill with King's Camo's customers and became an entrée for King's Camo to sell its lines of clothing, including camouflage clothing to those customers and to new customers.

12.   King's Camo also paid Robert King monthly payments of $10,000 per month to Robert King as a contractor for King's Camo, to continue publishing the Calendars on behalf of King's Camo ("Contract").  Monthly payments from King's Camo to Robert King in the amount of $10,000 per month continued for 51 bi-monthly payments from about August 7, 2013 to February 5, 2016, totaling approximately $305,000.   King's Camo also paid the expenses incurred by Robert King in connection with Robert King carrying out his duties under the Contract for which receipts or invoices were provided by Robert King to King's Camo, including without limitation, expenses for printing and advertising, photography, travel and accommodations.

13.   Although the Asset Purchase and Contract were oral agreements, King's Camo has maintained meticulous records regarding all of the foregoing payments to Robert King.

14.   In connection with the Asset Purchase with Robert King, King's Camo acquired all rights to the registered trademark KING'S CALENDARS by a written assignment from Robert King on August 7, 2014, including without limitation U.S. Trademark Registration 3,906,750 registered January 18, 2011 ("KING'S CALENDARS Infringed Registered Trademark") (See **Exhibit B** for a print-out of the KING'S CALENDARS Trademark and the assignment from Robert King to King's Camo).

15.   The KING'S CALENDARS Infringed Registered Trademark is used by King's Camo in at least four variations, namely KING'S BULL ELK CALENDARS, KING'S MULE DEER CALENDARS, KING'S WHITETAIL CALENDARS and KING'S BUCKS & BULLS

4

CALENDARS. All four are included herein in the KING'S CALENDARS Infringed Registered Trademark.

16.     In connection with the Asset Purchase, Robert King also transferred his customer list for Calendars to become part of King's Camo customer list for its entire lines of camouflage clothing obtained from the Acquisition, to which many additional dealers and retailers were added by both King's Camo and Robert King over the time that Robert King was under contract with King's Camo ("King's Camo's Customers"), creating a very valuable combined customer list owned by King's Camo ("King's Camo's Combined Customer List"). This Combined Customer List was tracked in a dynamic google document set up by Robert King while under Contract with King's Camo and accessed by Robert King and King's Camo to track the continually changing order and fulfillment status of the King's Camo Combined Customer List.

17.     Plaintiff has extensively used its King's Camo's trademarks, including without limitation the Kings' Camo's Infringed Registered Trademarks and the King's Camo's KING'S CALENDARS Infringed Trademark Registration, in the United States and throughout the world in connection with the advertising and sale of its Calendars and clothing, including camouflage clothing and related items.  Plaintiff has spent a significant sums advertising, marketing, and promoting its King's Camo's Infringed Registered Trademarks, including the KING'S CALENDARS Infringed Registered Trademark, in U.S. and foreign markets and, as a result, the mark has become well recognized by customers as distinctive symbols of Plaintiff's goodwill.

B. **Defendants' Wrongful Activities**

18.     On or about January 26, 2016, Robert King gave notice to Kevin Pritchett, Manager of King's Camo ("Kevin Pritchett") that Robert King had decided to end his Contract with King's Camo.  Kevin Pritchett cautioned Robert King to not use any of King's Camo's Infringed Registered Trademarks, including the KING'S CALENDARS Infringed Registered Trademark, and further cautioned Robert King to not contact any King's Camo's Customers on the Combined Customer List.

19.     Robert King formed Monster Camo LLC and Monster Innovation, LLC on February 12, 2016, only about two weeks after Robert King terminated his Contract with King's Camo.  As stated above Robert King, Monster Camo LLC and Monster Innovation, LLC are referred to herein as the "Robert King Group" or "Defendants." Those companies of Defendants were developed to not only sell calendars in direct competition with King's Camo, but also to use those calendars as an entrée to sell new lines of camouflage clothing to King's Camo's Customers in direct full competition with King's Camo's lines of camouflage clothing.

20.     Robert King began blatantly soliciting King's Camo's Customers on his own behalf during the term of the Contract, and the Robert King Group, after the Contract ended, blatantly continued to solicit King's Camo's Customers under the trade name and trademark "Robert King's Calendars," and/or "Calendars by Robert King" which infringes upon King's Camo's Infringed Registered Trademark for KING'S CALENDARS.  In some instances the Robert King Group has blatantly requested that King's Camo's Customers cancel orders for the Calendar from King's Camo and order the same Calendars directly from the Robert King Group.

21.     After Robert King's departure from King's Camo, the Robert King Group continued competition with King's Camo, including advertising the Robert King Group's business via a website at monstercamo.com ("Website") and advertising elsewhere, blatantly advertising and marketing Robert King's Calendars and new lines of camouflage clothing to King's Camo's Customers in direct competition with King's Camo, using King's Camo's Infringed Registered Trademarks and the KING'S CALENDARS Infringed Registered Trademark or confusingly similar variations thereof.

22.     The foregoing egregious activities by the Robert King Group have resulted in trademark infringement under the federal Lanham Act and under the Utah common law and have caused substantial confusion in the marketplace.  Many of King's Camo's Customers have contacted King's Camo asking what is happening and why Robert King is selling his calendars directly to the customers.

23.     Moreover, the foregoing egregious activities by the Robert King Group have also caused serious damage to King's Camo in the cancellation of sales of its Calendars and the related loss of goodwill to King's Camo, as well as King's Camo expending and continuing to expend substantial attorneys' fees and court costs, to stop those egregious activities of the Robert King Group.

24.     In addition, the foregoing blatant and willful activities by the Robert King Group constitute willful trademark infringements because Robert King was clearly aware of the King's Camo's Trademarks, and assigned the KING'S CALENDARS to King's Camo.  Yet the Robert King Group willfully launched an advertising campaign to solicit and usurp King's Camo's Customers, by infringing the King's Camo's Infringed Registered Trademarks, including the KING'S CALENDARS registered trademark.

25.     Moreover, the foregoing egregious activities of the Robert King Group constitute willful tortuous interference with King's Camo's Customer relationships, since Robert King was clearly aware of those business relationships and had access to those customers during his prior contractual relationship with King's Camo.  Moreover, the Robert King Group blatantly sought to damage or terminate King's Camo's relationships with its customers and egregiously sought to take over those customers for the Robert King Group's own business.

26.     The foregoing egregious activities of the Robert King Group are also in clear violation of King's Camo's trade secrets, particularly the Combined Customer List, one of the most valuable assets of King's Camo.

27.     In addition, the foregoing blatant activities of the Robert King Group constitute a violation of the common law of unfair competition and the statutory unfair competition provisions of the Lanham Act.  In addition the foregoing activities of the Robert King Group constitute deceptive trade practices under the Utah Deceptive Trademark Practices act.

## COUNT I

## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29.     Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" in connection with the sale, distribution and/or advertising for wildlife calendars is confusingly similar to Plaintiff's KING'S CALENDARS Infringed Registered Trademark for the same wildlife calendar products.

8

30. Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" in connection with the sale, distribution and/or advertising of wildlife calendars and camouflage clothing and related products, places these marks in the same channels of trade as the goods offered by King's Camo using the Plaintiff's KING'S CALENDARS Infringed Registered Trademark and is causing actual confusion, and is likely to continue to cause confusion, or cause mistake or deceive consumers. By confusing and misleading consumers as to the origin of its goods, Defendants have infringed the trademark rights of Plaintiff.

31. Defendants' use of the Plaintiff's Infringed Registered Trademarks in connection with the sale, distribution and/or advertising for wildlife calendars and camouflage clothing and related products are direct infringements of Plaintiff's Infringed Registered Trademarks used with wildlife calendar products, camouflage clothing and related products.

32. Defendants' use of Plaintiff's Infringed Registered Trademarks in connection with the sale, distribution and/or advertising of wildlife calendars and camouflage clothing and related products, places these marks in the same channels of trade as the goods offered by King's Camo using the Plaintiff's Infringed Registered Trademarks and is causing actual confusion, and is likely to continue to cause confusion, or cause mistake or deceive consumers. By confusing and misleading consumers as to the origin of its goods, Defendants have infringed the rights of Plaintiff.

33. Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with

which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

34.     Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" for wildlife calendars is an infringing use in interstate commerce of a reproduction, counterfeit, copy of colorable imitation of Plaintiff's KING'S CALENDARS Infringed Registered Trademark. Defendants' sale, offering for sale, distribution or advertising of wildlife calendars under Plaintiff's marks, or any marks similar thereto,  is causing actual confusion and is likely to continue to cause confusion or mistake or to deceive the public as to the goods or sponsorship of goods offered in violation of 35 U.S.C. §1114(1).

35.     Defendants' use of the Plaintiff's Infringed Registered Trademarks in connection with the sale, distribution and/or advertising of wildlife calendars and camouflage clothing and related products, are infringing uses in interstate commerce of a reproductions, counterfeits, and copies of colorable imitation of Plaintiff's Infringed Registered Trademarks.  Defendants' sale, offering for sale, distribution or advertising of wildlife calendars under Plaintiff's marks, or any marks similar thereto, it likely to cause confusion or mistake or to deceive the public as to the goods or sponsorship of goods offered in violation of 35 U.S.C. §1114(1).

36.     As a direct and proximate result of Defendants' infringement, Plaintiff has been injured and damaged and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

37.     Upon information and belief, Defendants have acted willfully and wantonly with intent to injure Plaintiff.

38.     Plaintiff is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of Plaintiff's lost profits. Plaintiff is also entitled to punitive damages in amount not less than three times actual damages.

39.     Plaintiff is being irreparably injured by the unlawful acts of Defendants.  Plaintiff has no adequate remedy at law.  Therefore, Plaintiff is entitled to an injunction prohibiting Defendants from further use of Plaintiff's KING'S CALENDARS Infringed Registered Trademark and/or Plaintiff's Infringed Registered Trademarks or any term confusingly similar.

40.     Plaintiff is entitled to recover its attorney's fees and costs.

## COUNT II

## FEDERAL UNFAIR COMPETITION—FALSE DESIGNATION OF ORIGIN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

43.     The acts of Defendants using "Robert King's Calendars" or "Calendars by Robert King" and Plaintiff's Infringed Registered Trademark in connection with the sale, distribution and/or advertising of wildlife calendars and camouflage clothing and related products, on their website and/or through retail outlets constitute:

a)       false designations of origin;

b)       false and misleading descriptions of fact; and

c)       false and misleading representations of fact

that have caused and are continuing to cause confusion and mistake and to deceive as to the affiliation of Defendants' business with Plaintiff's established business, and to cause confusion and mistake and to deceive consumers into believing that Plaintiff sponsors or approves of the goods that Defendants provide, in violation of 15 U.S.C. § 1125(a).

44.       As a direct and proximate result of Defendants' unfair competition, Plaintiff has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

45.       Defendants' on-going acts of infringement in violation of 15 U.S.C. § 1125(a) are malicious, fraudulent, willful, and deliberate.

46.       Defendants' on-going acts of infringement in violation of 15 U.S.C. § 1125(a) have inflicted irreparable harm on Plaintiff.  Therefore, Plaintiff is entitled to an injunction prohibiting Defendants from further use of Plaintiff's KING'S CALENDARS Infringed Registered Trademark, and Plaintiff's Infringed Registered Trademarks or any term confusingly similar.

47.       Plaintiff has no adequate remedy at law because Plaintiff's KING'S CALENDARS Infringed Registered Trademark, and Plaintiff's Infringed Registered Trademarks are unique and represents to the public Plaintiff's identity, reputation, and goodwill, such that damages alone cannot fully compensate Plaintiff for Defendants' misconduct.

48.       Unless enjoined by the Court, Defendants will continue to compete unfairly with Plaintiff. The resulting irreparable injury to Plaintiff's business identities, goodwill, and reputation

12

requires injunctive relief to prevent Defendants' continued unfair competition, and to ameliorate and mitigate Plaintiff's injuries.

49.     As a result of Defendants' unfair competition, Defendants owes damages, restitution, and disgorgement of profits, in an amount unknown at this time to Plaintiff, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants.

50.     This case is exceptional within the meaning of 15 U.S.C. §1117(a).

## COUNT III

## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

51.     Plaintiff realleges and incorporate by reference paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.     Defendants knew that Plaintiff was selling its Calendars to its customers and was selling camouflage clothing and related products to its customers.

53.     Defendants wrongfully, improperly and intentionally interfered with Plaintiff's existing and potential economic relations by, among other things, approaching King's Camo's Customers and blatantly attempting to substitute an order of Defendant's calendars for an existing order of Plaintiff's Calendar and/or attempting to obtain an order of Defendant's calendars from King's Camo's Customers.

54.     As a direct and proximate result of Defendants' intentional interference with Plaintiff's existing and prospective economic relations, Plaintiff has been injured and damaged in an amount to be proven at trial, and will sustain continuing irreparable damage and injury for which Plaintiff has no adequate remedy at law.

55.     Defendants' intentional actions, as described herein, constitute willful and malicious conduct with an evident disregard of, and a knowing and reckless indifference for, the rights of Plaintiff, which constitute grounds for punitive damages in an amount to be proven at trial, but in no event less than three times actual damages. Plaintiff is entitled to injunctive relief prohibiting Defendants from further interference with Plaintiff's existing or prospective customers.

## COUNT IV

## MISAPPROPRIATION OF TRADE SECRETS

56.     Plaintiff realleges and incorporate by reference paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57.     Plaintiff's customer lists, including the Combined Customer List constitute trade secrets ("Plaintiff's Trade Secrets") as defined by Utah Code Ann. § 13-24-2(4).

58.     Defendant Robert King was given access to Plaintiff's Trade Secrets under an obligation and duty of loyalty and confidentiality.  Defendant Robert King owed a duty to Plaintiff to maintain the secrecy or limit the use of Plaintiff's Trade Secrets as required by Utah Code Ann. § 13-24-2(2)(b)(ii)(C).

59.     Defendants have caused damage to Plaintiff by misappropriating Plaintiff's Trade Secrets.

60.     Defendants have willfully and maliciously misappropriated Plaintiff's Trade Secrets.

61.     As a result of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff is entitled to an award of damages in an amount to be determined at trial, but in no event less than $100,000 pursuant to Utah Code Ann. § 13-24-4(1).  Plaintiff is also entitled to a permanent injunction against Defendants from using, in any way, Plaintiff's Trade Secrets, and to have

Defendants certify under oath that they have returned to Plaintiff every physical or electronic copy of the same which he now possesses or has ever possessed.  Plaintiff is also entitled to an award of costs and attorney's fees as provided for in Utah Code Ann.§ 13-24-5, and for exemplary damages for willful and malicious misappropriation under Utah Code Ann. 13-24-4(2).

## COUNT V

### DECEPTIVE TRADE PRACTICES
### (Utah Truth in Advertising Act UCA § 13-11a-1 *et seq.*)

62.    Plaintiff realleges and incorporates by reference paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

63.    Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" and Plaintiff's Infringed Registered Trademarks for wildlife calendars, camouflage clothing and/or related items is confusingly similar to Plaintiff's use of Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks for the same products. Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" in connection with the sale of wildlife calendars, camouflage clothing and/or related items places these trademarks marks in the same channels of trade as the goods offered under Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks.

64.    Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" and Plaintiff's Infringed Registered Trademarks for wildlife calendars, camouflage clothing and/or related items in the same and related channels of trade offered by Plaintiff under Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks has caused and is likely to continue to cause confusion in the perception of the purchasers of wildlife

calendars, camouflage clothing and/or related items as to the source of goods with which the marks are used.

65.     Defendants are improperly trading on the goodwill Plaintiff has earned with the purchasing public for wildlife calendars, camouflage clothing and/or related items by causing the public to be confused as to the sponsorship or affiliation of Defendants' wildlife calendars, camouflage clothing and/or related items, thereby harming Plaintiff's goodwill and the value of its trademarks.

66.     Defendants' conduct constitutes deceptive trade practices as defined in Utah Code Ann. § 13-11a-3.

67.     Plaintiff has been damaged by Defendants in an amount to be set at trial which amount is no less than Defendants' profits and Plaintiff's lost profits.

68.     Plaintiff is entitled to injunctive relief and to recover its attorney's fees and costs.

<u>**COUNT VI**</u>

<u>**COMMON LAW TRADEMARK INFRINGEMENT**</u>

69.     Plaintiff realleges and incorporates by reference paragraphs 1 through 68 of this Complaint, as if fully set forth herein.

70.     Through use since at least as early as February 2013, Plaintiff has developed common law rights in Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks for use with wildlife calendars, camouflage clothing and/or related items.

71.     Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" and Plaintiff's Infringed Registered Trademarks for wildlife calendars, camouflage clothing and/or related items is confusingly similar to Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks for use with wildlife calendars, camouflage clothing and/or related items is likely to cause confusion as to the source of wildlife calendars, camouflage clothing and/or related items.  By confusing and misleading consumers as to the origin of its goods, Defendants have infringed the common law rights of Plaintiff.

72.     Upon information and belief, Defendants have acted willfully and wantonly with intent to infringe the Plaintiff's trademarks, thereby causing injury.

73.     Plaintiff is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of Plaintiff's lost profits. Plaintiff is also entitled to punitive damages in amount not less than three times actual damages.

74.     Plaintiff is being irreparably injured by the unlawful acts of Defendants.  Plaintiff has no adequate remedy at law.  Therefore, Plaintiff is entitled to an injunction prohibiting Defendants from further use of Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks or any term confusingly similar.

75.     Plaintiff is entitled to recover its attorney's fees and costs.

## COUNT VII

## COMMON LAW UNFAIR COMPETITION

76.     Plaintiff realleges and incorporates by reference paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.     Defendants' use of "Robert King's Calendars" or "Calendars by Robert King" and Plaintiff's Infringed Registered Trademark for wildlife calendars, camouflage clothing and/or related items is confusingly similar to Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademark for use with wildlife calendars, camouflage clothing and/or related items is likely to cause confusion as to the source of wildlife calendars, camouflage clothing and/or related items.

78.     Defendants are improperly trading on the goodwill Plaintiff has earned with the purchasing public for wildlife calendars, camouflage clothing and/or related items by causing the public to be confused as to the sponsorship or affiliation of Defendants' for wildlife calendars, camouflage clothing and/or related items, thereby harming Plaintiff's goodwill and the value of its trademarks.

79.     Defendants' conduct is unlawful.

80.     Upon information and belief, Defendants have acted willfully and wantonly with intent to infringe the Plaintiff's trademarks, thereby causing injury.

81.     Plaintiff is being damaged by Defendants' wrongful actions in an amount that is not yet determined, but is not less than Defendants' profits and Plaintiff's lost profits.  Plaintiff is entitled to punitive damages in an amount of not less than three times actual damages.

## COUNT VIII

## UNJUST ENRICHMENT / QUANTUM MERUIT

82.     Plaintiff realleges and incorporates by reference paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

83.     King's Camo conferred numerous benefits on Robert King including a significant amount of money along with other resources, information, and benefits.

84.     Robert King accepted and appreciated these benefits.

85.     Both Robert King and King's Camo understood that these benefits and resources were being conferred in order to build and develop King's Camo's wildlife calendar business.

86.     Rather than using these benefits and resources to develop King's Camo's wildlife calendar business, Robert King surreptitiously used these benefits and resources to create MCL and MIL and directly compete with King's Camo.

87.     These circumstances make it inequitable for Robert King, and for all of the Defendants, to retain the benefits conferred by King's Camo without payment of their value.

88.     King's Camo is entitled to a reimbursement of and payment for all benefits conferred upon Robert King.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendants:

A.     The entry of a temporary and permanent injunction enjoining Defendants, its officers, directors, shareholders, agents, servants, employees, and those people in active concert or participation with them:

19

1.  From using Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks or any trademark, service mark, logo or trade name, including without limitation "Robert King's Calendars" or "Calendars by Robert King," that is confusingly similar as used with respect to wildlife calendars, camouflage clothing and/or related items, including on any website or in connection with any internet search engine;

2.  Requiring Defendants to promptly eliminate any and all advertising using Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks or any trademark, service mark, logo or trade name, including without limitation "Robert King's Calendars" or "Calendars by Robert King," that is confusingly similar as used with respect to wildlife calendars, camouflage clothing and/or related items, from all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, the Internet, search engines, web sites, blogs, social media and mass mailings, all at Defendants' cost;

3.  From passing off any of the products or services they offer, as those of Plaintiff;

4.  From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services that offer wildlife calendars, camouflage clothing and/or related items, by using identical or similar marks;

20

5. Requiring Defendants to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order.

6. An award of damages sufficient to compensate King's Camo for Defendants' unjust enrichment.

7. An award of damages in an amount to be determined at trial, but in no event less than $100,000 pursuant to Utah Code Ann. § 13-24-4(1) for Defendants' misappropriation of Plaintiff's trade secrets. Plaintiff prays also for a permanent injunction against Defendants from using, in any way, Plaintiff's Trade Secrets, and to have Defendants certify under oath that they have returned to Plaintiff every physical or electronic copy of the same which he now possesses or has ever possessed. Plaintiff prays further for an award of costs and attorney's fees as provided for in Utah Code Ann.§ 13-24-5, and for exemplary damages for willful and malicious misappropriation under Utah Code Ann. 13-24-4(2).

B. Entry of an Order:

1. Awarding to Plaintiff all damages caused by Defendants;

2. Awarding Plaintiff all of Defendants' profits derived from Defendants' use of Plaintiff's KING'S CALENDARS Infringed Registered Trademark and Plaintiff's Infringed Registered Trademarks or any trademark, service mark, logo or trade name, including without limitation "Robert King's Calendars"

or "Calendars by Robert King," that is confusingly similar as used with respect to wildlife calendars, camouflage clothing and/or related items, from all media, in the course of business;

3.   Finding that Defendants have acted knowingly and willfully and awarding to Plaintiff treble damages and/or such other punitive or exemplary award allowed by law;

4.   Awarding Plaintiff costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in connection with this action as provided for by statute;

5.   Declare this case to be exceptional under 15 U.S.C. §1117(a). and award Plaintiff its costs, expenses and attorneys' fees in this action;

6.   Finding that Defendants have misappropriated Palintiff's trade secrets and ordering Defendants to swear under oath that they have returned to Plaintiff every physical or electronic copy of the same which he now possesses or has ever possessed;  and

7.   Granting such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED this 6th day of April, 2016.

_____ /s/ Clinton E. Duke _____

22

Clinton E. Duke (9784)
Lyndon R. Bradshaw (15097)
**Durham, Jones & Pinegar**
111 East Broadway, Suite 900
Salt Lake City, UT  84111
Telephone:  (801) 532-1922

*Attorneys for Plaintiff*